UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER NEWTON, 00-B-1013,

                        Petitioner,

        v.

JOHN BURGE,

                        Respondent.
_____

<u>DECISION & ORDER</u>

04-CV-6205P

        On May 7, 2004, petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1). The petition asserts three grounds for relief: (1) denial of the effective assistance of counsel; (2) prosecutorial misconduct based upon the presentation of false evidence; and (3) the discovery of new evidence, namely, a recantation of testimony previously offered by the victim. (Docket # 1). Less than two months after the initial filing, petitioner, by letter dated June 28, 2004, requested that his petition be withdrawn without prejudice. (Docket # 5). Although that request was initially granted, the Court, upon reconsideration, vacated that order so as to ensure the protection of petitioner's constitutional rights should he have intended to re-file the petition after the exhaustion of state remedies. (Docket # 7). If petitioner intended to pursue his claims, he was directed to either file an amended petition raising only exhausted claims, withdraw the entire petition without prejudice to permit time to exhaust all claims, request a stay of the petition so that he may exhaust unexhausted claims, or demonstrate good cause for the failure to exhaust and seek a determination on the merits. (Docket # 7). Petitioner responded by letter indicating that he

wished to proceed on the original petition. Due to a clerical error, however, that letter was not reflected on the Court's docket. Petitioner thereafter filed a subsequent letter indicating that he had exhausted his state court remedies. (Docket # 8). Due to the confusing state of the record, petitioner was directed to file an amended petition setting forth each claim he intended to raise, including those claims recently exhausted. (Docket # 9). Rather than filing such an amended pleading, on March 7, 2005, petitioner moved for a second time to stay this action so that he may be permitted to return to state court and exhaust additional remedies. (Docket # 10). Petitioner has not submitted an amended complaint containing both exhausted and unexhausted claims – a "mixed petition."

The controlling law at the time petitioner's motion was filed was the Second Circuit's decision in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001). In that case, the court held that a federal court presented with a mixed petition containing both exhausted and unexhausted claims may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" for a limited period of time to permit the petitioner to return to state court to exhaust the unexhausted claims. *Id.* at 381. Six months ago, the Supreme Court affirmed a district court's discretion to issue such a stay, but emphasized that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Specifically, the Court held that a stay is only appropriate when the district court determines that the petitioner had good cause for his failure to exhaust the state court claims, the unexhausted claims are not "plainly meritless" and there is no indication that petitioner is seeking to extend the litigation for dilatory purposes. *Id.*

In this case, petitioner has moved for a stay, although he has not yet sought leave to file an amended petition or presented the Court with a proposed amended petition. The appropriateness of petitioner's requested stay may be evaluated only by reviewing specific unexhausted claims. Without such a "mixed petition" before it, the Court cannot determine whether the most appropriate course of action would be to stay the petitioner's exhausted claims to allow the opportunity to exhaust additional claims, to permit the withdrawal of the entire petition with leave to re-file a new petition in which the additional claims are raised, or merely to proceed on the original petition. Neither can the Court determine, without reviewing a proposed amended petition, whether the unexhausted claims relate back to the original petition. Because the unexhausted claims have not yet been asserted, they would be time-barred under the one-year statute of limitations, *see* 18 U.S.C. § 2244(d), unless they relate back to the original petition. *See Ching v. United States*, 298 F.3d 174, 181 (2d Cir. 2002) ("Fed. R. Civ. P. 15(c) governs the timeliness of a motion to amend submitted after AEDPA's statute of limitations has expired"); *Fama v. Commissioner of Corr. Serv.*, 235 F.3d 804, 814-16 (2d Cir. 2000) (relation back doctrine applies to proceedings brought pursuant to 28 U.S.C. § 2254).

Judged under this authority, petitioner's motion to stay the pending action **(Docket # 10)** is **DENIED** without prejudice at this time. Should he wish to include any as yet unexhausted claims, he should file a motion to amend his petition and to stay the proceedings, accompanied by a proposed amended petition. His motion should also demonstrate that a stay is appropriate under the more rigorous standard enunciated in *Rhines* and that the unexhausted claims relate back to the previously asserted claims. Such a motion shall be filed by no later than **November 30, 2005**. In the event that the required documents are not filed by that deadline,

respondent shall file a response to the original petition by **January 14, 2006**.

**IT IS SO ORDERED.**

                                        *s/Marian W. Payson*
                                        MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
        October  19 , 2005.