UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER NEWTON,

        Petitioner,                **DECISION AND ORDER**

  -vs-                                      No. 04-CV-6205(VEB)

JOHN BURGE, Superintendent,

        Respondent.
_____

## INTRODUCTION

Christopher Newton ("Newton" or "petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2554 seeking to overturn his state-court conviction on charges of first degree robbery, first degree burglary, and second degree reckless endangerment. (Petition, Docket No. 1). On July 7, 2006, the Court[1] denied Newton's habeas petition on the merits and dismissed the action. (Decision and Order, Docket No. 28). Newton then moved to vacate the judgment. (Petitioner's Motion to Vacate ("Pet'r Mot."), Docket No. 35). While this motion to vacate has been pending, the United States Court of Appeals for the Second Circuit dismissed Newton's notice of appeal regarding the dismissal of his habeas petition. (Mandate, Docket No.73). For the reasons that follow, Newton's motion to vacate the judgment is denied.

## DISCUSSION

Newton seeks relief from judgment under FED. R. CIV. P. 60(b)(1) in that he asserts that the Court "made a Mistake and inadvertence [sic] when he denied the Defendant's petition

---

[1] The parties consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c)(1).

pursuant to 28 U.S.C.A. § 2254 without allowing him to file a traverse in response to the assistant district attorney's motion, which would have substantiated petitioner's argument in his petition . . . ." (Pet'r Mot., Docket No. 35).[2]  Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment based upon:

> (1) *mistake, inadvertence,* surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b) (emphasis supplied). Newton claimed in his motion to vacate that he "had a valid argument in response to the Assistant District Attorney's Answering Affirmation" and contends that he had been "allowed to traverse his response, . . . there is a strong probability that there would have been a different outcome . . . ." I therefore issued an order permitting Newton to file his Traverse and reserved judgment on his Rule 60(b) motion. Newton thereafter promptly filed his Traverse with the Court. (Traverse ("Trav."), Docket No. 38.).

The Court notes that Newton already had submitted a memorandum of law in connection with his habeas petition (Docket No. 1). The newly filed Traverse (Docket No. 38) provides an amplification of the legal arguments contained in the initial memorandum of law attached to the petition and also attempts to rebut this Court's analyses of his habeas claims. In addition,

---

[2] This Court issued its Decision and Order denying petitioner's habeas petition six days before petitioner was due to file his reply brief or traverse pursuant to the scheduling order set in place by another judge of this Court. On that same day, petitioner had moved for a thirty-day extension of time to file his Traverse. (Petitioner's Motion for Extension of Time to File, Docket No. 29).

Newton asserts that he is entitled to an evidentiary hearing with regard to trial counsel's decision not to interview two purported alibi witnesses, Shantass Legree ("Legree") and Tanisha Smith ("Smith"). Legree, resided at 13 Austin Street (the address where he was arrested), and Smith was his former girlfriend with whom he allegedly was on the phone during the time of the home invasion robbery.

"The decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." *United States v. Neresian*, 824 F.2d 1294, 1321 (2d Cir. 1987). Because such decisions "fall squarely within the ambit of trial strategy," they will not constitute a basis for an ineffective assistance claim provided that they are "reasonably made." *Id.*; *accord United States v. Eisen*, 974 F.2d 246, 265 (2d Cir. 1992). When the prosecutor requested a missing witness charge regarding Legree, trial counsel explained his legitimate reason for not calling her as an alibi witness:

> According to my conversations with *Mr. Newton*, his sister was in and out of the house that night. Something had to do with an automobile of a friend of hers being vandalized out in front of the house and she left at one time. I did explore this with him as to whether she could be a possible alibi witness and that she went out of the house and returned at a – after the alleged time of this crime.

T.356[3] (emphasis added). Newton has not denied that he himself was uncertain as to Legree's whereabouts during the time that she supposedly was going to provide an alibi. As this greatly undermined her value as an alibi witness, trial counsel made a reasonable strategic decision not to call Legree as a witness.

Smith, former girlfriend, did not come up as a potential alibi witness during Newton's

---

[3] Citations to "T.__" refer to the trial transcript.

criminal trial. When Newton make a post-judgment motion for *vacatur*, Smith submitted an affidavit asserting that she was on the telephone with Newton from approximately 2:00 a.m. to 2:45 a.m. on August 9, 1999, the date of the incident. According to Smith, Newton told her during their phone conversation that he was at his sister's house on Austin Street. *See* Respondent's Exhibit K at 172. I found that this purported alibi testimony was even weaker than that to be offered by Legree, and that trial counsel made a reasonable strategic decision not to call Smith as a witness. *See*, *e.g.*, *Eisen*, 974 F.2d at 265; *see also Ryan v. Rivera*, No. 00-2153, 21 Fed. Appx. 33, 34-35, 2001 WL 1203391, at **2 (2d Cir. Oct. 9, 2001) (Counsel was not ineffective for "not interviewing the proposed witnesses" where defendant "obtain[ed] statements from the witnesses which, together with what [petitioner] had told [counsel] and the police reports obtained by discovery, provided counsel with sufficient information to conclude, as he apparently did, that the alibi witnesses were not credible or that their testimony would harm [petitioner] more than it would help him.") (citing *Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.")).

     After reviewing Newton's Traverse, the Court remains unconvinced that the two purported alibi witnesses were credible, let alone that they provided a potential alibi. Newton has offered nothing to support his request that an evidentiary hearing must be held to explore trial counsel's reasonable strategic decision not to call Legree or Smith to testify. As discussed above, trial counsel already explained at Newton's state criminal trial his reasons for determining that Legree was not a viable alibi witnesses. With regard to Smith, even if she and petitioner were

talking on the telephone from 2 a.m. to 2:45 a.m., that does not provide an alibi as the time of the home invasion was not pinpointed with certainty. Furthermore, Newton never has attempted to obtain any records to substantiate his claim that the two of them were on the telephone.  Based on what Newton told counsel about Legree having left the house during the time of the proposed alibi, and the inherent weakness of Smith's phone conversation alibi, trial counsel reasonably "believed it would be fruitless to pursue such testimony, since it could not conclusively establish"  petitioner's alibi. *United States v. Romero*, 91 Cr. 586, 1993 WL 485677 at *7-8 (S.D.N.Y. Nov. 22, 1993) (An attorney is under no obligation to investigate every line of defense a defendant suggests, and, instead, "an attorney is required only to make a reasonable decision about whether to investigate a particular line of defense based upon the overall defense strategy."), *aff'd*, 54 F.3d 56 (2d Cir.1995), *cert. denied*, 517 U.S. 1149 (1996); *accord Curry v. Burge*, No. 03 Civ. 0901(LAK)(AJP), 2007 WL 3097165, at *13 (S.D.N.Y. Oct. 23, 2007), *report and recommendation adopted*, No. 03 CIV. 0901 (LAK), 2007 WL 4098115 (S.D.N.Y. Nov. 16, 2007). Here, Newton has failed to raise an issue of fact regarding trial counsel's decision not to pursue or interview the purported alibi witnesses, and no evidentiary hearing on this or any other issue raised in the Petition or Traverse is necessary.

After carefully reviewing and fully considering the remaining arguments raised by Newton in his Traverse, the Court has found no basis on which to reconsider its previous Decision and Order dismissing his habeas petition on the merits. All of the points that Newton raises concerning the merits of his claims were considered and rejected by this Court.

Finally, because Newton has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c).

Newton's motion (Docket No. 35) to vacate the judgment is hereby **DENIED with prejudice.**

  **IT IS SO ORDERED.**

                /s/ *Victor E. Bianchini*
                _____
                 VICTOR E. BIANCHINI
                United States Magistrate Judge

DATED:  March 28, 2008
      Rochester, New York.